36 F.3d 1111
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Daino H. JEROME, Petitioner,
v.
SMALL BUSINESS ADMINISTRATION, Respondent.
 No. 93-3194.
 United States Court of Appeals, Federal Circuit.
 July 26, 1994.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 RICH, Circuit Judge.
 
 ORDER
 
 1
 This court directed the parties to respond to the issue of whether Daino H. Jerome's petition for review should be dismissed. Jerome argues that his petition should not be dismissed. The Small Business Administration (SBA) argues that Jerome's petition should be dismissed. Daino H. Jerome moves for leave to file a reply, with reply attached. The SBA moves for leave to file a surreply, with surreply attached.
 
 
 2
 The SBA removed Jerome from his position as Criminal Investigator for unacceptable performance. Jerome appealed to the Merit Systems Protection Board. In the Board's February 4, 1992 initial decision, the Administrative Judge reversed the SBA's action in removing Jerome, concluding that the SBA failed to show that Jerome's performance of certain critical elements was unacceptable and failed to provide Jerome with a reasonable opportunity to improve his performance. The AJ additionally addressed Jerome's defense of whistleblower retaliation "because it raised questions of serious misconduct on the agency's part." The AJ found that Jerome had made a protected disclosure. However, the AJ found that there was insufficient evidence to establish that Jerome's disclosure was a contributing factor to the removal.
 
 
 3
 The AJ ordered Jerome restored to his position and awarded Jerome back pay and benefits. The AJ ordered that the SBA provide interim relief, pursuant to 5 U.S.C. Sec. 7701(b)(2)(A), if the SBA decided to petition the Board for review. The SBA and Jerome each petitioned the Board for review of the AJ's initial decision. On January 4, 1993, the Board dismissed the SBA's petition for review, concluding that the SBA had failed to comply with the interim relief order, and the Board denied Jerome's petition for review. Jerome petitioned this court for review "of that portion of the January 4, 1993 decision ... which denied [Jerome's] claim that his removal under Chapter 43, ultimately reversed by the Board, constituted illegal reprisal in violation of the Whistleblower Protection Act."*
 
 
 4
 After filing his petition for review here, Jerome and the SBA settled the award of attorney fees and related expenses "incurred through the date of this Agreement in connection with his appeal to the Merit Systems Protection of the above-referenced action." Jerome agreed to withdraw his motion for fees before the Board and received $23,952.39 for fees and expenses.
 
 
 5
 Jerome argues that he may properly seek review of the Board's statement that he was not a victim of whistleblower reprisal, even though he "won" before the Board on different grounds. Jerome argues that if he is successful on the reprisal issue, he may be entitled to obtain additional costs for litigation before the Board. In response, SBA argues that Jerome is not entitled to seek review of the reprisal issue because he won the underlying litigation and that Jerome and the SBA settled attorney fees and expenses. In reply, Jerome states that the settlement did not specify that it included the whistleblower claim and that, because he petitioned this court for review of the whistleblower issue before the settlement agreement was signed, the settlement agreement could not include the whistleblower claim that is now before this court.
 
 
 6
 Jerome's argument that he may seek review of the Board's determination that the SBA's actions did not constitute reprisal is without merit. The Board's decision was in Jerome's favor; it ordered him restored to his position. Thus, Jerome was not adversely affected by the decision. Jerome may, of course, as a respondent in 94-3161, present any arguments based upon the record in support of the Board's decision, including the argument that the Board's judgment reversing his removal should have been based on his claim of whistleblower retaliation. United States v. American Ry. Express Co., 265 U.S. 425, 435 (1924); Surface Technology, Inc. v. United States Int'l Trade Comm'n, 780 F.2d 29, 30-31 (Fed.Cir.1985).
 
 
 7
 We need not address Jerome's argument that the Board's decision, as it now stands, denies him recovery of costs that he could not have otherwise received. Jerome settled the amount of fees and expenses he sought for work before the Board. In any event, Jerome's arguments are circular. Jerome argues that he may seek review of the whistleblower issue because he can obtain additional costs, and that the settlement agreement does not extinguish a claim for such costs because he sought review of the whistleblower issue before signing the settlement agreement.
 
 
 8
 In sum, Jerome may not seek review of a determination set forth within the Board's opinion when the Board's decision was ultimately in his favor. Further, Jerome and the SBA settled the amount of fees and expenses owed Jerome in connection with his case before the Board.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) Jerome's motion for leave to file a reply is granted.
 
 
 11
 (2) The SBA's motion for leave to file a surreply is granted.
 
 
 12
 (3) Jerome's appeal is dismissed.
 
 
 13
 (4) Each side shall bear its own costs in relation to this petition for review.
 
 
 
 *
 Meanwhile, the Office of Personnel Management (OPM) filed a petition for reconsideration of the Board's final order. Jerome notified this court of OPM's petition for reconsideration and on March 15, 1993, this court stayed Jerome's appeal, no. 93-3194, pending the Board's resolution of OPM's petition. OPM has since petitioned this court for review, appeal no. 94-3161